UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS W. NOVAK,

       Plaintiff,

v.

CITY OF MADISON HEIGHTS, *et al.*,

       Defendants.

_____/

Case No. 2:22-cv-10315
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT THE STATE OF MICHIGAN'S MOTION TO DISMISS (ECF No. 10) and GRANT TEXAS ROADHOUSE'S MOTION TO DISMISS (ECF No. 25)</u>**

**I.     RECOMMENDATION**: The Court should: (1) **GRANT** the State of Michigan's motion to dismiss (ECF No. 10); and, (2) **GRANT** Texas Roadhouse's motion to dismiss (ECF No. 25).

**II.    REPORT:**

    **A.    Background**

This lawsuit stems from the alleged events of January 1, 2022, when Nicholas W. Novak alleges he "was demanded to leave the premises" of a Texas Roadhouse restaurant in Madison Heights, Michigan. (ECF No. 1, PageID.16.) Plaintiff alleges he was arrested but "released three days after incarceration." (*Id.*)

His state court criminal case began in 43rd District Court as Case No. F100548. (*Id.*, PageID.6, 9, 10, 13, 14.)

In June 2022, Plaintiff was bound over as charged, *see* Mich. Comp. Laws § 750.81d ("Assaulting, battering, resisting, obstructing, opposing person performing duty; felony; penalty; other violations; consecutive terms; definitions."), as his case transitioned to Oakland County Circuit Court as *People v. Novak*, Case No. 2022-281061-FH.  According to the docket in Plaintiff's state court criminal case, Plaintiff is represented by attorneys Melissa Sue Krauskopf and Vanessa Marie Moss-Wilson.  *See* www.oakgov.com, "Court Explorer."  To be sure that Plaintiff's criminal attorneys are aware of this civil suit, which could have adverse effects upon Plaintiff's criminal defense, I am directing that this report and recommendation be served on them by mail, although the Court has no duty to do so and will not necessarily serve future filings upon them.  As best the Court can tell, Judge Yasmine I. Poles has noticed a pretrial hearing in the criminal matter for October 6, 2022.

    **B.**    **Novak's February 15, 2022 Initial Filing**

Meanwhile, on February 15, 2022, Plaintiff initiated this lawsuit with a multi-part filing.  One part is a form "complaint for a civil case," which Plaintiff relabels as a "notice for removal" (ECF No. 1, PageID.1-5), and which is accompanied by duplicate "notices" and assertions of jurisdiction (*see id.*,

PageID.6-8, 9-12), which themselves appear to be duplicates of the first three sections of Plaintiff's apparent complaint (discussed below) (*see id.*, PageID.13-15).  Citing 28 U.S.C. § 1443(2), Plaintiff seeks to bring Case No. F100548 to this Court.  (*Id.*, PageID.6, 7, 10, 14.)  However, this Court will not entertain any *pro se* request from Plaintiff with respect to his state court criminal case, as he appears to be represented by counsel in that matter, and, in any case, the Court sees no obvious basis for removing a pending state court felony matter.

The other part of Plaintiff's initial filing seems intended as a complaint against Defendant State of Michigan, several Defendants associated with the City of Madison Heights, and Defendant Texas Roadhouse.  (*Id.*, PageID.13-38.)  He delineates more than twenty counts against the Madison Heights Police Officers who responded to the 911 call (*id.*, PageID.17-28) and two counts against Texas Roadhouse and staff for making a "false 911 report to the police" (*id.*, PageID.28). He seeks monetary relief totaling $3,850,000.  (*Id.*, PageID.37-38.)

   **C.** **Pending Matters**

Judge Parker has referred this case to me for pretrial matters.  (ECF No. 14.) Currently before the Court are three dispositive motions.

    **1.** **State of Michigan's Motion to Dismiss (ECF No. 10)**

While the seemingly intended complaint delineates claims against the Madison Heights Defendants and Defendant Texas Roadhouse, the pleading does

3

not delineate any claims against the State of Michigan. (*See* ECF No. 1, PageID.17-28.) On March 23, 2022, the State of Michigan filed a motion to dismiss, which raises three issues (ECF No. 10, PageID.77), although the Court need only address one – *i.e.*, whether Plaintiff has stated a claim against Defendant State of Michigan "upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).[1]

The rules of pleading require "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting and citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 556 (2007)).

As Defendant State of Michigan correctly observes, "there is not a single allegation that even mentions the State of Michigan, let alone sufficient allegations

---

[1] On September 23, 2022, counsel for the State of Michigan informed the Court that, while she mailed a copy of the State's motion (ECF No. 10) to Plaintiff at 57 Lawrence Street, Detroit, MI 48202 on March 23, 2022, it was returned to her on September 22, 2022. (ECF No. 27.) Counsel also attached a copy of the post-marked but returned envelope. (ECF No. 27-1.) However, there is no indication on the docket that the Court's order requiring Plaintiff's response to the motion (ECF No. 21) was returned as undeliverable. Therefore, the Court assumes Plaintiff likely knew of the existence of the underlying motion.

that provide the State with fair notice of the claims against it." (ECF No. 10, PageID.86.) In addition to not delineating a cause of action against Defendant State of Michigan, the pleading's only apparent references to "officials" occurs within various causes of action against the Madison Heights Defendants. (ECF No. 1, PageID.17, 20 [Count 1], 21 [Count 6], 27 [Count 25].) *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (affirming dismissal of *pro se* prisoner civil rights complaint where, *inter alia*, plaintiff "did not allege how any of [the remaining Defendants] were involved in the violation of his rights."); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of *pro se* prisoner civil action, in part because plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights.").

In addition to the State of Michigan's compelling argument, this motion is unopposed. "A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Plaintiff's response was due on or before May 2, 2022. (ECF No. 21.) To date, Plaintiff has not filed a response. Accordingly, the Court should **GRANT** the State of Michigan's motion to dismiss (ECF No. 10).

### 2. Texas Roadhouse Holdings, L.L.C.'s motion to dismiss (ECF No. 25)

As best the Court can tell, Plaintiff alleges only the following as to Texas Roadhouse:

> [On January 1, 2022,] Plaintiff (and accompanied family members) was demanded to leave the premises of TEXAS RO[A]DHOUSE (restaurant) located at 29485 John R. Road in Madison Heights , Michigan 48071 due to unknown reasons specified other than the fact that the business had the right to deny service to whomever they please.  Plaintiff attempted to question the management[']s motive for demanding plaintiff to leave the premises which caused much turmoil to plaintiff and party at the time.

(ECF No. 1, PageID.4, 16.)  Plaintiff then brings two "charges" against Texas Roadhouse and staff "who made the false 911 report to the police[.]"  (ECF No. 1, PageID.28.)

#### a. Color of law, acting "in cahoots" with police

In Count I against Texas Roadhouse, Plaintiff alleges that "[p]rivate persons in cahoots with the police are state actors for the purposes of Section 1983."  (ECF No. 1, PageID.28.)  The Supreme Court has explained:

> . . . the party charged with the deprivation must be a person who may fairly be said to be a state actor.  This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  (*Id.*, PageID.231-237.)

"[A] private party's joint participation with state officials in the [deprivation] is

sufficient to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment." *Lugar*, 457 U.S. at 941.

In the apparent complaint, Plaintiff does not adequately allege how the 911 report by Texas Roadhouse staff was false, nor does Plaintiff adequately allege how Texas Roadhouse was in "cahoots" with the Madison Heights Police Department. (ECF No. 1, PageID.4, 16, 28.) Nor can the Court readily imagine a scenario whereby Texas Roadhouse could be converted into a state actor. Thus, as Texas Roadhouse appropriately argues, the pleading "does not allege facts sufficient to state a claim against TXRH for violation of 'Color of Law.'" (ECF No. 25, PageID.233-237.)

### b. 18 U.S.C. § 1038 ("False information and hoaxes")

In Count II against Texas Roadhouse, Plaintiff alleges a violation of 18 U.S.C. § 1038 ("False information and hoaxes"), noting that, "[a]s a result of the assailants['] actions[,] plaintiff is [under]going physical therapy at a clinic." (ECF No. 1, PageID.28.)

Preliminarily, it seems the alleged assailants were police officers, not Texas Roadhouse staff. (*See* ECF No. 1, PageID.14, 29.) More to the point, Plaintiff's citation of Section 1038(a) ("Criminal violation.") – specifically Subsections (1)(A) and (1)(B) – does not convince the Court that "there is [a] private cause of action in 18 U.S.C. §1038(a)." (ECF No. 25, PageID.237.) Also, in the event

Plaintiff intended to rely upon Section 1038(b) ("Civil action."), it "does not represent an independent civil cause of action for which a private citizen may file a complaint." *Abney v. Dolgencorp, L.L.C.*, No. 2:20-CV-10415, 2021 WL 2525439, at *4 (E.D. Mich. June 21, 2021) (Patti, M.J.) (quoting *Johnson v. Working Am., Inc.*, No. 1:12 CV 1505, 2012 WL 3074775, at *3 (N.D. Ohio July 30, 2012)). Thus, as Texas Roadhouse appropriately argues, "[t]here is no private right of action under 18 U.S.C. § 1038[.]" (ECF No. 25, PageID.237-239). Similarly, as far as the Court is aware, there is no civil cause of action for hoaxes, notwithstanding the use of that term in certain criminal statutes. (*See, e.g.*, 18 U.S.C. § 1038 ("False information and hoaxes"), which we discuss here; and U.S.S.G. 2A6.1 ("Threatening or Harassing Communications; Hoaxes; False Liens"), which is a federal sentencing guideline.

        c.    **No opposition**

"A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Plaintiff's response was due on or before June 30, 2022. (ECF No. 26.) To date, Plaintiff has not filed a response. Thus, because Texas Roadhouse has presented convincing arguments, and because this motion is, technically, unopposed, the Court should **GRANT** Texas Roadhouse's motion to dismiss (ECF No. 25).

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: September 23, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE