UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS W. NOVAK,

      Plaintiff,

v.

CITY OF MADISON HEIGHTS, *et al*.,

      Defendants.

Case No. 2:22-cv-10315
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY THE CITY OF MADISON HEIGHTS DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 41(b) (ECF No. 34)

**I.    RECOMMENDATION**: The Court should **DENY** the City of Madison Heights Defendants' motion to dismiss under Fed. R. Civ. P. 41(b) (ECF No. 34).

**II.    REPORT:**

    **A.    Background**

This lawsuit stems from the alleged events of January 1, 2022, when Nicholas W. Novak alleges he "was demanded to leave the premises" of a Texas Roadhouse restaurant in Madison Heights, Michigan. (ECF No. 1, PageID.16.) Plaintiff alleges he was arrested but "released three days after incarceration." (*Id*.) His state court criminal case began in 43rd District Court as Case No. F100548. (*Id*., PageID.6, 9, 10, 13, 14.)

In June 2022, Plaintiff was bound over as charged, *see* Mich. Comp. Laws § 750.81d ("Assaulting, battering, resisting, obstructing, opposing person performing duty; felony; penalty; other violations; consecutive terms; definitions."), as his case transitioned to Oakland County Circuit Court as *People v. Novak*, Case No. 2022-281061-FH. He appears to have posted bond at that time.

According to the docket in Plaintiff's state court criminal case, Plaintiff is represented by attorneys Melissa Sue Krauskopf and Vanessa Marie Moss-Wilson. *See* www.oakgov.com, "Court Explorer." To be sure that Plaintiff's criminal attorneys are aware of this civil suit, which could have adverse effects upon Plaintiff's criminal defense, I am directing that this report and recommendation be served on them by mail, although the Court has no duty to do so and will not necessarily serve future filings upon them. As best the Court can tell, Judge Yasmine I. Poles set the trial for March 13, 2023.

**B.   Novak's February 15, 2022 Initial Filing**

Meanwhile, on February 15, 2022, Plaintiff initiated this lawsuit with a multi-part filing. One part is a form "complaint for a civil case," which Plaintiff relabels as a "notice for removal" (ECF No. 1, PageID.1-5), and which is accompanied by duplicate "notices" and assertions of jurisdiction (*see id*., PageID.6-8, 9-12), which themselves appear to be duplicates of the first three sections of Plaintiff's apparent complaint (discussed below) (*see id*., PageID.13-

15).  Citing 28 U.S.C. § 1443(2), Plaintiff seeks to bring Case No. F100548 to this Court.  (*Id*., PageID.6, 7, 10, 14.)  However, this Court will not entertain any *pro se* request from Plaintiff with respect to his state court criminal case, as he appears to be represented by counsel in that matter, and, in any case, the Court sees no obvious basis for removing a pending state court felony matter.

The other part of Plaintiff's initial filing seems intended as a complaint against Defendant State of Michigan, several Defendants associated with the City of Madison Heights, and Defendant Texas Roadhouse.  (*Id*., PageID.13-38.)  He delineates more than twenty counts against the Madison Heights Police Officers who responded to the 911 call (*id*., PageID.17-28) and two counts against Texas Roadhouse and staff for making a "false 911 report to the police" (*id*., PageID.28).  He seeks monetary relief totaling $3,850,000.  (*Id*., PageID.37-38.)

Judge Parker has referred this case to me for pretrial matters.  (ECF No. 14.)  On November 8, 2022, the Court adopted my report and recommendation (ECF No. 29), granted the State of Michigan and Texas Roadhouse's motions to dismiss (ECF Nos. 10, 25), and terminated these parties from this lawsuit.  (ECF Nos. 31, 32.)  Accordingly, only the City of Madison Heights Defendants remain.

### C.   Pending Matters

Currently before the Court is the City of Madison Heights Defendants' December 13, 2022 motion to dismiss under Fed. R. Civ. P. 41(b) (ECF No. 34), as

3

to which Plaintiff's response was due on January 13, 2023 (ECF No. 35). To date, Plaintiff has not filed a response. In fact, he has not filed anything since his October 28, 2022 more definite statement. (ECF No. 30.)[1]

Thus, technically, the City of Madison Heights Defendants' motion to dismiss is unopposed. *See* E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available."). Still,

> . . . a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden. We see no reason why the situation should be different in the context of a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

*Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Accordingly, the Court must consider whether the City of Madison Heights Defendants have discharged their burden under Fed. R. Civ. P.41(b):

> In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, we look to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate

---

[1] Plaintiff's address of record is 57 Lawrence Street, Detroit, MI 48202. (ECF Nos. 1-2, 17, 18, 22, 24; ECF No. 30, PageID.289, 295-296.) There is no indication on the docket that anything mailed by the Court to Plaintiff has been returned as undeliverable, although the State of Michigan filed a notice of returned mail in September 2022 (ECF No. 27).

could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir.1998)).

**D.    Discussion**

  **1.    Plaintiff's initial pleading against the City of Madison Heights Defendants and his more definite statement**

As noted above, a portion of Plaintiff's initial filing delineates more than twenty counts against the Madison Heights Police Officers who responded to the 911 call. (ECF No. 1, PageID.17-28.) The City of Madison Heights Defendants filed a motion for a more definite statement. (ECF No. 12; *see also* ECF No. 13.) On September 23, 2022, the Court entered an order granting the City of Madison Heights Defendants' motion for a more definite statement (ECF No. 12). (ECF No. 28.) The order specifically provided:

> No later than **Friday, October 28, 2022**, Plaintiff **SHALL** file a more definite statement, namely a pleading that complies with Fed. R. Civ. P. 8 ("General Rules of Pleading") and Fed. R. Civ. P. 10 ("Form of Pleadings"). As guidance, Plaintiff is advised to use Form MIED ProSe 1 ("Complaint for a Civil Case"), which is available on the Court's website. (*See* www.mied.uscourts.gov, "Forms.")
>
> <u>Plaintiff is hereby cautioned that, should he fail to comply with this order, the Undersigned may enter a report recommending dismissal of his claims against the City of Madison Heights Defendants</u>.

(ECF No. 28, PageID.278 (emphases in original).)

On October 28, 2022, Plaintiff filed a response, which was docketed as "Plaintiff's more definite statement in response . . . ." (ECF No. 30). Although organized more as a response and brief than a pleading, Plaintiff alleges that, on January 1, 2022, Officers Rieck and Baker "use[d] excessive force by slamming [Plaintiff] to the ground and placing [Plaintiff] in multiple chokeholds causing serious and permanent injury . . . ." (*Id*., PageID.290.) Plaintiff claims these officers violated his civil rights and had no business touching him, throwing him down, and choking him. (*Id*., PageID.294.) Plaintiff also claims to "have video proof and photos to show the misconduct . . . [,]" and to "have all the hospital paperwork to show all the injuries." (*Id*.) He contends the Court "should look at the evidence[,]" and also contends Officer Rieck's statement "proves he is a liar and an abuser." (*Id*.)[2]

---

[2] Plaintiff's response contains two pages of citations to various statutes, such as 18 U.S.C. § 241 ("Conspiracy against rights"), 18 U.S.C. § 242 ("Deprivation of rights under color of law"), 18 U.S.C. § 245 ("Federally protected activities"), 18 U.S.C. § 1001 ("Statements or entries generally"), 18 U.S.C. § 1203 ("Hostage taking"), 18 U.S.C. § 2234 ("Authority exceeded in executing warrant"), 18 U.S.C. § 2235 ("Search warrant procured maliciously"), 18 U.S.C. § 2236 ("Searches without warrant"), 42 U.S.C. § 1983 ("Civil action for deprivation of rights"), and 42 U.S.C. § 14141 ("Cause of action") (effective to Aug. 31, 2017). (*See* ECF No. 30, PageID.291-292.) Also, in a section labeled "controlling or most appropriate legal authority," Plaintiff cites the abstract of a law review article. *See* Matthew J. Silveira, *An Unexpected Application of 42 U.S.C. § 14141: Using Investigative Findings for § 1983 Litigation*, 52 UCLA L. Rev. 601 (2004). (ECF No. 30, PageID.293.)

### 2.     The City of Madison Heights Rule 41(b) motion

In their December 13, 2022 motion, the City of Madison Heights Defendants seek dismissal *with prejudice* of Plaintiff's claims against them in accordance with Fed. R. Civ. P. 41(b) ("Involuntary Dismissal; Effect."). (ECF No. 34, PageID.310.) After outlining Plaintiff's claims against them, the City of Madison Heights Defendants contend that "Plaintiff failed to file a more definite statement of his claims as required by this Court's September 3, 2022 order[.]" (*Id.*, PageID.316-318.)

However, in moving for dismissal under Rule 41(b), *the City of Madison Heights Defendants say nothing of Plaintiff's October 28, 2022 filing* – the one docketed as "Plaintiff's more definite statement in response . . . [,]" (ECF No. 30). Instead, after stating that "Plaintiff has failed to file a pleading with the Court, let alone one that complies with the Federal Rules of Civil Procedure[,]" (*id.*, PageID.318), they simply argue that dismissal of Plaintiff's claims against them under Rule 41(b) is appropriate under the factors set forth in *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). (ECF No. 34, PageID.319-320.)

Whatever deficiencies exist in the format of Plaintiff's October 28, 2022 filing (ECF No. 30), it was clearly an attempt to respond to the Court's September 23, 2022 order (ECF No. 28), and, as such, does not appear to satisfy the first factor – "whether the party's failure is due to willfulness, bad faith, or fault[.]"

*Knoll*, 176 F.3d at 363.  And this attempt can hardly be described as a "failure to prosecute," even if is a deficient effort, particularly with a *pro se* plaintiff.  Essentially, the heart still appears *willing*, even if the court filings are weak.  Also, because the City of Madison Heights Defendants do not address Plaintiff's "more definite statement in response," their motion lacks commentary on how the filing is deficient.  The Court relies on the adversarial process to educate it.  Accordingly, the City of Madison Heights Defendants have not discharged their burden under Rule 41(b).

    **E.**    **Conclusion**

Pursuant to the November 15, 2022 initial scheduling order, discovery is due by May 17, 2023, and the dispositive motion cut-off is set for June 20, 2023.  (ECF No. 33.)  Therefore, the City of Madison Heights Defendants are not prevented from further dispositive motion practice; however, since an issue still exists as to the adequacy of Plaintiff's pleadings, and the deadline for filing motions under Fed. R. Civ. P. 12 has already passed (ECF No. 33, PageID.304), the Court will modify and merge the deadlines for Rule 12 and Rule 56 dispositive motions and require that <u>all such motions</u> be filed by **Tuesday, June 20, 2023**, but only one additional dispositive motion will be permitted, *i.e.*, Defendants may file a single additional motion that seeks dispositive relief under both Rules 12 and 56.  Here, the Court need only note that Plaintiff filed a response (ECF No. 30) to the Court's

8

order (ECF No. 28), and because the City of Madison Heights did not mention it whatsoever (thereby failing to address whether it was deficient in any manner), relief is not proper under Fed. R. Civ. P. 41(b).  Accordingly, the Court should **DENY** the City of Madison Heights Defendants' motion to dismiss under Fed. R. Civ. P. 41(b) (ECF No. 34).

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an

9

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: March 13, 2023

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE