UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS W. NOVAK,

       Plaintiff,

v.

CITY OF MADISON HEIGHTS, *et al.*,

       Defendants.

_____/

Case No. 2:22-cv-10315
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS THIS MATTER PURSUANT TO FED. R. CIV. P. 41(b) and DEEM MOOT THE CITY OF MADISON HEIGHTS DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT (ECF No. 43)**

**I.     RECOMMENDATION**: The Court should **DISMISS** this matter pursuant to Fed. R. Civ. P. 41(b) and **DEEM MOOT** the City of Madison Heights Defendants' motion to dismiss and for summary judgment (ECF No. 43).

**II.    REPORT:**

    **A.    Background**

This lawsuit stems from the alleged events of January 1, 2022, when Nicholas W. Novak alleges he "was demanded to leave the premises" of a Texas Roadhouse restaurant in Madison Heights, Michigan. (ECF No. 1, PageID.16.) Novak alleges he was arrested but "released three days after incarceration." (*Id.*) His state court criminal case began in 43rd District Court as Case No. F100548.

1

(*Id.*, PageID.6, 9, 10, 13, 14.) In June 2022, Plaintiff was bound over as charged, *see* Mich. Comp. Laws § 750.81d ("Assaulting, battering, resisting, obstructing, opposing person performing duty; felony; penalty; other violations; consecutive terms; definitions."), as his case transitioned to Oakland County Circuit Court as *People v. Novak*, Case No. 2022- 281061-FH.  He entered a plea in March 2023.

### B.     Instant Matter

Meanwhile, in February 2022, Novak initiated this lawsuit against Defendant State of Michigan, several defendants associated with the City of Madison Heights, and Defendant Texas Roadhouse.  (ECF No. 1, PageID.13-38.) In November 2022, this Court granted the State of Michigan's and Texas Roadhouse's motions to dismiss (ECF Nos. 10, 25), and they were terminated as parties.  (ECF Nos. 31, 32.)

Thus, only the City of Madison Heights Defendants remain.  Judge Parker has referred this case to me for pretrial matters.  (ECF No. 14.)  Currently before the Court is the City of Madison Heights Defendants' July 11, 2023 motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and for summary judgment pursuant to Fed. R. Civ. P. 56.  (ECF No. 43.)

### C.     **Plaintiff has not opposed the motion.**

Plaintiff's response was due on August 4, 2023.  (ECF No. 44.)  To date, Plaintiff has not filed a response.  In fact, he has not filed anything since his

2

October 28, 2022 more definite statement. (ECF No. 30.)[1] Thus, technically, the City of Madison Heights Defendants' dispositive motion is unopposed. *See* E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available."). Still,

> . . . a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden. We see no reason why the situation should be different in the context of a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

*Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Therefore, if the Court were to opine on the City of Madison Heights Defendants' motion, then it would need to consider whether the City of Madison Heights Defendants have met their burdens under Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 56.

        **D.**       **Plaintiff has not complied with the show cause order.**

On August 21, 2023, the Court entered an order requiring Plaintiff to show cause for failure to comply with the Court's scheduling order and/or as to why this case should not be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute. (ECF No. 45.) The order specifically provided:

---

[1] Plaintiff's address of record is 57 Lawrence Street, Detroit, MI 48202. (ECF Nos. 1-2, 17, 18, 22, 24; ECF No. 30, PageID.289, 295-296.) There is no indication on the docket that anything mailed by the Court to Plaintiff has been returned as undeliverable, although the State of Michigan filed a notice of returned mail in September 2022 (ECF No. 27).

> . . . **ON OR BEFORE Tuesday, September 12, 2023**, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, as to: **(1)** why this case should not be dismissed in accordance with Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2 for his failure to comply with the Court's scheduling order (ECF No. 44) and/or under Fed. R. Civ. P. 41(b) for his failure to prosecute; and, **(2)** must also propose a reasonable and conservative extended deadline for filing a response to the Madison Heights Defendants' pending motion, should the Court choose to permit a response. Failure to comply with this Order could result in a Report and Recommendation that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2.

(*Id.*, PageID.659 (emphases in original) (internal footnote omitted).) To date, Plaintiff has not filed a response to this show cause order.

### E.   The Court should dismiss this matter for Plaintiff's failure to prosecute.

Plaintiff having failed to file a response to the City of Madison Heights Defendants' motion to dismiss and for summary judgment (ECF No. 43), and Plaintiff further having failed to file a response to the Court's order requiring Plaintiff to show cause (ECF No. 45), the Court should dismiss this matter for Plaintiff's failure to prosecute. As the Sixth Circuit has explained:

> In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, we look to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

4

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir.1998)). Applying these factors to the case at bar:

1. It seems that Plaintiff's failure to file a response to the pending motion and failure to file a response to the show cause order are the result of willfulness, bad faith or fault. If Plaintiff is not receiving the Court's orders mailed to his address of record, it is upon him to keep the Court apprised of any change in address, as he was warned at the outset of this case (*see* ECF No. 8).

2. The City of Madison Heights Defendants are prejudiced by having to spend time and money – such as that associated with their July 10 and 11, 2023 filings (ECF Nos. 40, 41, 43) – on a case that Plaintiff appears to have abandoned.

3. The Court's show cause order warned Plaintiff that failure to comply with the order could result in a Report and Recommendation that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2[,]" (ECF No. 45, PageID.659).

4. As for whether less drastic sanctions were imposed or considered, it appears that any such effort would be fruitless, given the two Court orders to which Plaintiff has failed to respond.

Each of the factors weighs against Plaintiff; therefore, the Court should **DISMISS** this matter pursuant to Fed. R. Civ. P. 41(b) and **DEEM MOOT** the City of Madison Heights Defendants' motion for summary judgment (ECF No. 43).

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

6

Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: September 19, 2023

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE